Anthony L. Cannon, Esq. SBN: 162986
Robert W. Nelms, Esq., SBN:
Stefan O'Grady, Esq. SBN 224615
CANNON & NELMS, P.C.
160 South Old Springs Road, Suite 200
Anaheim, California 92808
Tel: (714) 637-4400; Fax: (714) 637-4444

Attorneys for Defendant
AMCO INSURANCE COMPANY, INC.,
erroneously sued as ALLIED INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SENECA INSURANCE COMPANY, INC., | Case No: 8:14-cv-1788 |
| Plaintiff, | **DEFENDANT, AMCO INSURANCE COMPANY, INC.'S, ERRONEOUSLY SUED AS ALLIED INSURANCE COMPANY, NOTICE OF REMOVAL OF CIVIL ACTION** |
| vs. | |
| ALLIED INSURANCE COMPANY and DOES 1 through 100, inclusive, | |
| Defendants. | Trial Date:    Not Set |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

NOTICE IS HEREBY GIVEN that Defendant AMCO INSURANCE COMPANY, INC., a corporation formed, organized and existing under the laws of the State of Iowa, erroneously sued as ALLIED INSURANCE COMPANY,

1

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

hereby removes the above captioned litigation from the Superior Court for the State of California, County of Orange, Central District, to the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. §§1441(a) and 1446, and sets forth in support of its Notice of Removal the following:

(1)     On or about August 18, 2014, Plaintiff Seneca Insurance Company, Inc., (hereinafter "Seneca"), filed suit against Defendant Allied Insurance Company in the Superior Court for the State of California, County of Orange, Central District, entitled *Seneca Insurance Company, Inc. v. Allied Insurance Company*, Case No. 30-2-14-00740254-CU-BC-CJC.

(2)     Seneca personally served a copy of the Summons and Complaint upon AMCO Insurance Company on or about October 9, 2014. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

(3)     On or about September 10, 2014, Seneca filed an Amendment to its Complaint, requesting that its Complaint be amended to reflect the true name of the Defendant, "AMCO INSURANCE COMPANY" (hereinafter "AMCO"). This "Amendment to Complaint" was served upon AMCO with the aforementioned Summons and Complaint. A true and correct copy of this "Amendment to Complaint" is attached hereto as **Exhibit B**.

(4)     The Complaint alleges the following causes of action: (1) Breach of Insurance Contract, and (2) For Subrogation.

(5)     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. As such, this case may be removed to this Court by AMCO pursuant to 28 U.S.C. § 1441(a), because it is an action between citizens of different states, and as evidenced on the face of Seneca's Complaint, the amount in controversy exceeds the requisite seventy-five thousand Dollars ($75,000), exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

(6)     For diversity purposes, a corporation may have dual citizenship:

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

2

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance whether incorporated or unincorporated, to which the insured is not joined a party-defendant, such insurer shall be deemed a citizen of:

> (A)   every State and foreign state of which the insured is a citizen;
>
> (B)   every State and foreign state by which the insurer has been incorporated; and
>
> (C)   the State or foreign state where the insurer has its principal place of business. . ."

28 U.S.C. § 1332(c)(1)(A)(B)(C).

At the time of the filing of Seneca's Complaint, and the amendment thereto, Seneca was and remains a citizen of the State of New York, having been incorporated, organized and existing under the laws of the State of New York. *See* **Exhibit A** at ¶3. At the time of the filing of Seneca's Complaint, and the amendment thereto, Defendant AMCO was and remains a citizen of the State of Iowa, having been incorporated, organized and existing under the laws of the State of Iowa. *See* California Secretary of State's Business Portal, attached hereto as **Exhibit C**.

(7)   Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of the Doe Defendants is disregarded. As evidenced above, complete diversity exists between Seneca and AMCO.

///

3

**AMOUNT IN CONTROVERSY**

(8)     Based upon Seneca's allegations and Prayer for Damages in its Complaint, the amount in controversy exceeds seventy-five thousand dollar ($75,000), exclusive of costs and interest.  Seneca alleges that AMCO denied coverage for two (2) fire losses under two (2) insurance policies that AMCO cancelled improperly.  As a result, Seneca adjusted these two (2) fire claims, paying amounts totaling $227,437.64 to its insureds.  *See* **Exhibit A** at ¶¶ 15-17.  Seneca seeks to recover this $22,437.64, plus pre-judgment interest from AMCO.  *Id.* at ¶¶ 26-28.  Seneca's claimed damages exceed the seventy-five thousand dollars ($75,000) jurisdictional requirement set forth at 28 U.S.C. § 1332(a).

**ALL OTHER REMOVAL REQUIREMENTS SATISFIED**

(9)     This Notice of Removal is timely as it has been filed within thirty (30) days after service of the Summons and Complaint.  28 U.S.C. §1446(b).

(10)    This Notice of Removal has been filed within one (1) year of the commencement of the above entitled action, and thus, is timely under 28 U.S.C. §1446(c).

(11)    Removal is proper as the Superior Court for the County of Orange, Central District, where this action was filed, lies within the boundaries of the United States District Court for the Central District of California, Southern Division.

(12)    A true and copy of all other process, pleadings and orders served in this action, including AMCO'S Answer, and known to AMCO at the time of the filing of this Notice of Removal, are attached hereto as **Exhibit D**.  Pursuant to 28 U.S.C. §1446(a), **Exhibits A, B** and **D** make up all the process, pleadings and orders filed and served in this action prior to removal.

Counsel for Defendant AMCO certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

4

1 │ California, County of Orange, and provide notice of same to counsel for Plaintiff
2 │ Seneca.

### DEMAND FOR JURY TRIAL

4 │     AMCO hereby demands trial by jury.

6 │ Dated: November 7, 2014

                                CANNON & NELMS, P.C.

By:   /s/ Stefan O'Grady

                         Anthony L. Cannon
                         Robert W. Nelms
                         Stefan O'Grady
                         Attorneys for Defendants
                         AMCO INSURANCE COMPANY, INC,
                         erroneously sued as ALLIED
                         INSURANCE COMPANY

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

**A**



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

RXT / ALL
Transmittal Number: 13041840
Date Processed: 10/09/2014

| | |
|---|---|
| Primary Contact: | Rebecca M. Lewis<br>Nationwide Insurance<br>One Nationwide Plaza, 1-30-403<br>Columbus, OH 43215 |
| Copy of transmittal only provided to: | Kevin Jones<br>Cassandra Struble |

| | |
|---|---|
| Entity: | AMCO Insurance Company<br>Entity ID Number 0115190 |
| Entity Served: | Amco Insurance Company |
| Title of Action: | Seneca Insurance Company vs. Allied Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Orange County Superior Court, California |
| Case/Reference No: | 30-2014-00740254-CU-BC-CJC |
| Jurisdiction Served: | California |
| Date Served on CSC: | 10/09/2014 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | **CSC** |
| How Served: | Personal Service |
| Sender Information: | Maxine S Mak<br>714-871-3191 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

**SUMMONS**
*(CITACIÓN JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** ALLIED INSURANCE COMPANY AND
*(AVISO AL DEMANDADO):* DOES 1 THROUGH 100, INCLUSIVE

**ELECTRONICALLY FILED**
Superior Court of California
County of Orange

08/18/2014 at 04:39:00 PM

Clerk of the Superior Court
By D. Cuevas, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** SENECA INSURANCE
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* COMPANY, INC.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court
700 Civic Center Drive West
Santa Ana, CA 92701-4079

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LARRY D. PETERSON / MAXINE S. MAK          (714) 871-3191          (714) 871-3163
PETERSON, OLIVER & POLL
1440 NORTH HARBOR BOULEVARD, SUITE 225
FULLERTON, CA 92835

DATE:   08/18/2014          Alan Carlson, Clerk of the Court,          *Dana Cuevas*          D. Cuevas
*(Fecha)*                    *(Secretario)*                                              Deputy
                                                                                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [✓] on behalf of (specify):   *Amco Insurance Company*

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
       [✓] other (specify):   4/5.95
4. [ ] by personal delivery on (date):   16/9/14

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

*Legal Solutions Plus*

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name & Address):<br>LARRY D. PETERSON<br>MAXINE S. MAK<br>PETERSON, OLIVER & POLL<br>1440 NORTH HARBOR BLVD., #225<br>FULLERTON, CA 92835<br>Telephone No.: (714) 871-3191        Fax No. (Optional): (714) 871-3193<br>E-Mail Address (Optional): lpeterson@poplaw.biz<br>ATTORNEY FOR (Name): Plaintiff, SENECA<br>INSURANCE COMPANY, INC. | ELECTRONICALLY<br>RECEIVED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CIVIL COMPLEX CENTER<br>Sep 10 2014<br>ALAN CARLSON, Clerk of the Court<br>Bar No: 072239 | FOR COURT USE ONLY |
|---|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:

☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701
☐ Harbor-Laguna Hills Facility - 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500
☐ West - 8141 13th Street, Westminster, CA 92683-4593

| PLAINTIFF: SENECA INSURANCE COMPANY, INC.<br><br>DEFENDANT: ALLIED INSURANCE COMPANY AND DOES 1 THROUGH 100, INCLUSIVE | CASE NUMBER:<br><br>30-2014-00740254-CU-B |
|---|---|
| AMENDMENT TO [x] COMPLAINT [ ] CROSS-COMPLAINT | Case assigned to:<br>Judge:<br>Department:<br>Date complaint filed:<br>Hearing/trial date: |

FICTITIOUS NAME UNDER SECTION 474, CODE OF CIVIL PROCEDURE (NO ORDER REQUIRED)

I have discovered the true name of ☐ Doe ☐ Roe _____ to be _____

_____

The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: _____

_____                                    _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY)

INCORRECT NAME UNDER SECTION 473, CODE OF CIVIL PROCEDURE (ORDER REQUIRED)

The complaint/cross-complaint incorrectly named the defendant/cross-defendant as   ALLIED INSURANCE COMPANY  .

I have discovered the true name of the party to be  AMCO INSURANCE COMPANY  _____

I request the complaint/cross-complaint be amended to reflect the true name wherever it appears in the pleading.

Date: SEPTEMBER 9, 2014

MAXINE MAK                                                    _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY)

ORDER
The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: _____                                    _____
                                                             JUDICIAL OFFICER

Approved for Optional Use        AMENDMENT TO COMPLAINT/CROSS-COMPLAINT        Code of Civil Procedure,
L-0132 (Rev. July 1, 2008)                                                    §§ 473, 474
                                                                              OC-132

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LARRY D. PETERSON<br>MAXINE S. MAX<br>PETERSON, OLIVER & POLL<br>1440 NORTH HARBOR BLVD., #225<br>FULLERTON, CA 92035<br>TELEPHONE NO. (714) 871-3191   FAX NO. (714) 871-3193<br>ATTORNEY FOR (Name): Plaintiff, SENECA INSURANCE COMPANY, I | ELECTRONICALLY FILED<br>Superior Court of California,<br>County of Orange<br>08/15/2014 at 04:02:00 PM<br>Clerk of the Superior Court<br>By Robert Reviere, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701-4079
BRANCH NAME:

| CASE NAME: SENECA INSURANCE COMPANY, INC. v. ALLIED INSURANCE COMPANY | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| X Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | Limited<br>(Amount<br>demanded is<br>$25,000 or less) | Counter    Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2014-00740254-CU-BC-CJC<br>JUDGE: Judge James DI Cesare<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| Auto (22) | X Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| Uninsured motorist (46) | Rule 3.740 collections (09) | Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | Other collections (09) | Construction defect (10) |
| Damage/Wrongful Death) Tort | Insurance coverage (18) | Mass tort (40) |
| Asbestos (04) | Other contract (37) | Securities litigation (28) |
| Product liability (24) | Real Property | Environmental/Toxic tort (30) |
| Medical malpractice (45) | Eminent domain/Inverse | Insurance coverage claims arising from the |
| Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | Wrongful eviction (33) | types (41) |
| Business tort/unfair business practice (07) | Other real property (26) | Enforcement of Judgment |
| Civil rights (08) | Unlawful Detainer | Enforcement of judgment (20) |
| Defamation (13) | Commercial (31) | Miscellaneous Civil Complaint |
| Fraud (16) | Residential (32) | RICO (27) Subrogation |
| Intellectual property (19) | Drugs (38) | X Other complaint (not specified above) (42) |
| Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| Other non-PI/PD/WD tort (35) | Asset forfeiture (05) | Partnership and corporate governance (21) |
| Employment | Petition re: arbitration award (11) | Other petition (not specified above) (43) |
| Wrongful termination (36) | Writ of mandate (02) | |
| Other employment (15) | Other judicial review (39) | |

2. This case ☐ is  X is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence        f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. X monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): TWO
5. This case ☐ is  X is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: August 15, 2014
LARRY D. PETERSON
(TYPE OR PRINT NAME)                                    ▶ Maxine S. Max
                                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Legal
Solutions
Plus
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** CM-010

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

Auto Tort
  Auto (22)—Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice—Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
Non-PI/PD/WD (Other) Tort
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
Employment
  Wrongful Termination (36)
  Other Employment (15)

Contract
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
Real Property
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
Unlawful Detainer
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
Judicial Review
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
Enforcement of Judgment
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
Miscellaneous Civil Complaint
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)
Miscellaneous Civil Petition
  Partnership and Corporate Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**    Page 2 of 2

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
08/15/2014 at 04:03:20 PM
Clerk of the Superior Court
By Robert Rimson, Deputy Clerk

1  LARRY D. PETERSON, State Bar No. 072239
2  MAXINE S. MAK, State Bar No. 244348
   PETERSON, OLIVER & POLL
3  1440 N. Harbor Blvd., Suite 225
   Fullerton, California 92835
4  Telephone (714) 871-3191
   Facsimile (714) 871-3193

5  Attorneys for Plaintiff, SENECA INSURANCE
6  COMPANY, INC.

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF ORANGE - CENTRAL DISTRICT

10

11  SENECA INSURANCE COMPANY, INC.,        Case No.  30-2014-00740254-CU-BC-CJC

12              Plaintiff(s),              COMPLAINT FOR DAMAGES AND
                                           JURY DEMAND
13      vs.
                                           TRIAL DATE: NONE SET
14  ALLIED INSURANCE COMPANY and           Judge James Di Cesare
    DOES 1 through 100, inclusive,
15
16              Defendant(s).

17      Plaintiff SENECA INSURANCE COMPANY, INC. ("Seneca") alleges:

18      1.    Plaintiff is, and at all times herein mentioned was, a corporation organized and

19  existing under the laws of the State of New York and authorized to transact, and is transacting,

20  business in this state as a liability insurer.

21      2.    Defendant, ALLIED INSURANCE COMPANY. ("Allied") is, and at all times

22  mentioned herein was, a business entity of unknown form which does business in Orange

23  County, California.

24      3.    The true names and capacities of defendants named herein as DOES 1 through

25  100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Seneca.

26  Seneca therefore sues such defendants by fictitious names pursuant to Code of Civil Procedure

27  Section 474. Seneca will amend this Complaint to show the true names and capacities of such

28  defendants when they have been identified. Seneca is informed and believes, and thereupon

                                            1

1  alleges, that each of the fictitiously named defendants is responsible in some manner for the

2  occurrence herein alleged.

3      4.    Seneca is informed and believes, and based thereon alleges, that at all times

4  mentioned herein, Allied and all named Doe defendants were the agent and employees of each

5  other and in doing the things hereinafter alleged, was acting within the course and scope of such

6  agency and with the permission and consent of each other.

7  <u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

8      5.    That Allied issued a policy of insurance to Group V San Bernardino, LP and

9  Nijjar Realty, Inc., policy number ACP XX-X-XXX1163 effective for period April 1, 2012 to

10  April 1, 2013 which provided coverage for real property located at 5310 Olivewood Ave.,

11  Riverside, CA ("Riverside Property"). That policy was cancelled for non-payment of premiums

12  and was reinstated by Allied on May 27, 2012.

13      6.    That after reinstating policy number ACP XX-X-XXX1163 on May 27, 2012,

14  Allied attempted to cancel the policy effective on August 17, 2012 because "the risk did not

15  meet underwriting guidelines."

16      7.    That Allied issued a policy of insurance to Nijjar Realty, Inc., policy number

17  ACP XX-X-XXX0996 effective for period April 1, 2012 to April 1, 2013 which provided

18  coverage for real property located at 3154 Banning Ave., Lynwood, CA ("Lynwood Property").

19  That policy was cancelled for non-payment of premiums and was reinstated by Allied on May

20  27, 2012.

21      8.    That after reinstating policy number ACP XX-X-XXX0996 on May 27, 2012,

22  Allied attempted to cancel the policy effective on August 17, 2012 because "the risk did not

23  meet underwriting guidelines."

24      9.    That Insurance Code section 676 regulates the cancellation of property policies

25  and prohibits the cancellation of policies that have been in effect for at least 60 days unless one

26  of the enumerated events occurs, such as non-payment of premiums or fraud. None of the

27  grounds permitting cancellation of the property casualty policy in Insurance Code section 676

28  occurred or existed when Allied tried to cancel policy numbers ACP XX-X-XXX1163 and

2

COMPLAINT FOR DAMAGES AND JURY DEMAND

ACP XX-X-XXX0996 ("the Policies").

10.     That in response to Allied's purported "cancellation," Group V San Bernardino, LP and Nijjar Realty, Inc., procured a replacement policy of insurance from Seneca to insure the Riverside Property and the Lynwood Property ("the Properties").

11.     That Seneca issued a policy of insurance to Group V San Bernardino, LP and Nijjar Realty, Inc. providing casualty coverage for the Properties effective on August 21, 2012.

12.     That on or about October 23, 2012, the Riverside Property sustained damages due to a fire.

13.     That on or about November 3, 2012, the Lynwood Property sustained damages due to a fire.

14.     That Group V San Bernardino, LP and Nijjar Realty, Inc. sustained approximately $237,437.64 in damages from the fires at the Properties.

15.     That Allied was informed of the fires at the Properties and Allied denied coverage and/or refused to pay the claims connected with the two fires.

16.     That Seneca agreed to pay the first-party property losses and damages involved for the fires occurring at the Properties.

17.     That Seneca adjusted the claim for the fire damage to the Properties and paid approximately $227,437.64 to Group V San Bernardino, LP and Nijjar Realty, Inc.

18.     That Seneca, Group V San Bernardino, LP and Nijjar Realty, Inc. contend that Allied's attempted cancellation of policy numbers ACP XX-X-XXX1163 and ACP XX-X-XXX0996 ("the Policies") was ineffective and improper and prohibited by Insurance Code section 676.

19.     That Group V San Bernardino, LP and Nijjar Realty, Inc. assigned their rights both legal and equitable which they may have against Allied for losses and damages arising out of Allied's acts, omissions and conduct relating to its attempts to cancel the Policies.

\\\

\\\

\\\

3

## FIRST CAUSE OF ACTION

### For Breach of Insurance Contract

### (Against Allied and Does 1-10)

20.    Seneca repeats and re-alleges the allegations contained in paragraphs 1 through 19 above and incorporates them by reference as though set forth fully herein.

21.    Group V San Bernardino, LP and Nijjar Realty, Inc. sustained losses as a result of the fires at the Properties which were covered by the Policies issued by Allied.

22.    Allied was notified of the fires.

23.    Allied was obligated to pay the sum of $237,437.64 to Group V San Bernardino, LP and Nijjar Realty, Inc. for the losses they sustained as a result of the fires to the Properties pursuant to the terms of the Policies.

24.    Allied denied coverage and/or refused to pay the losses associated with the fires at the Properties and in doing so, breached its duty to pay a covered claim.

## SECOND CAUSE OF ACTION

### For Subrogation

### (Against Allied and Does 1-10)

25.    Seneca repeats and re-alleges the allegations contained in paragraphs 1 through 24 above and incorporates them by reference as though set forth fully herein.

26.    Due to Allied's improper refusal to pay for the losses, Seneca paid approximately $227,437.64 to  Group V San Bernardino, LP and Nijjar Realty, Inc. for losses they sustained as a result of the fires at the Properties.

27.    The payments Seneca made to Group V San Bernardino, LP and Nijjar Realty, Inc. were for losses sustained as a result of fire damage to the Properties. Those losses were covered by the Policies issued by Allied.

28.    Therefore Seneca is subrogated to the rights of Group V San Bernardino, LP and Nijjar Realty, Inc. for the damages sustained as a result of the fire at the Properties.

\\\

\\\

4

COMPLAINT FOR DAMAGES AND JURY DEMAND

WHEREFORE, Seneca prays for judgment as follows:

1.   For the sum of $227,437.64 paid by Seneca to Group V San Bernardino, LP and Nijjar Realty, Inc. and for pre-judgement interest thereon at the legal rate;

2.   For the costs of suit herein incurred;

3.   For any and all remedies as provided by the contract of insurance issued by Allied to Group V San Bernardino, LP and Nijjar Realty, Inc.; and

3.   For such other and further relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Seneca hereby demands a trial by jury in this matter.

DATED: August 15, 2014                        PETERSON, OLIVER & POLL

By:   _Maxine Mak_

LARRY D. PETERSON
MAXINE S. MAK
Attorneys for Plaintiff, SENECA INSURANCE
COMPANY, INC.

**B**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | | FOR COURT USE ONLY |
|---|---|---|
| LARRY D. PETERSON<br>MAXINE S. MAK<br>PETERSON, OLIVER & POLL<br>1440 NORTH HARBOR BLVD., #225<br>FULLERTON, CA 92835<br>Telephone No.: (714) 871-3191    Fax No. (Optional): (714) 871-3193<br>E-Mail Address (Optional): lpeterson@poplaw.biz<br>ATTORNEY FOR *(Name)*: Plaintiff, SENECA<br>INSURANCE COMPANY, INC. | ELECTRONICALLY<br>RECEIVED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CIVIL COMPLEX CENTER<br>Sep 10 2014<br>ALAN CARLSON, Clerk of the Court<br>Bar No: 072239 | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
- [ ] Central - 700 Civic Center Dr. West, Santa Ana, CA 92701
- [ ] Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701
- [ ] Harbor-Laguna Hills Facility - 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
- [ ] Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
- [ ] North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500
- [ ] West - 8141 13th Street, Westminster, CA 92683-4593

| PLAINTIFF: SENECA INSURANCE COMPANY, INC.<br><br>DEFENDANT: ALLIED INSURANCE COMPANY AND DOES 1 THROUGH 100, INCLUSIVE | CASE NUMBER:<br>30-2014-00740254-CU-B |
|---|---|
| AMENDMENT TO [x] COMPLAINT [ ] CROSS-COMPLAINT | Case assigned to:<br>Judge:<br>Department:<br>Date complaint filed:<br>Hearing/trial date: |

FICTITIOUS NAME UNDER SECTION 474, CODE OF CIVIL PROCEDURE (NO ORDER REQUIRED)

I have discovered the true name of [ ] Doe [ ] Roe _____ to be _____

The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: _____

(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY)

INCORRECT NAME UNDER SECTION 473, CODE OF CIVIL PROCEDURE (ORDER REQUIRED)

The complaint/cross-complaint incorrectly named the defendant/cross-defendant as   ALLIED INSURANCE COMPANY  .

I have discovered the true name of the party to be AMCO INSURANCE COMPANY _____

I request the complaint/cross-complaint be amended to reflect the true name wherever it appears in the pleading.

Date: SEPTEMBER 9, 2014

MAXINE MAK
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY)

ORDER
The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: _____

                                                              JUDICIAL OFFICER

Approved for Optional Use
L-0132 (Rev. July 1, 2006)        AMENDMENT TO COMPLAINT/CROSS-COMPLAINT        Code of Civil Procedure,
                                                                              §§ 473, 474
                                                                              OC-132

C

privacy All people Liberty Speak without discrimination

# California Secretary of State Debra Bowen

| Secretary of State | Administration | Elections | Business Programs | Political Reform | Archives | Registries |

**Business Entities (BE)**

Online Services
- E-File Statements of Information for Corporations
- Business Search
- Processing Times
- Disclosure Search

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Statements of Information**
(annual/biennial reports)

**Filing Tips**

**Information Requests**
(certificates, copies & status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- Business Resources
- Tax Information
- Starting A Business

Customer Alerts
- Business Identity Theft
- Misleading Business Solicitations

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, November 04, 2014. Please refer to **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| **Entity Name:** | AMCO INSURANCE COMPANY |
| **Entity Number:** | C0718749 |
| **Date Filed:** | 07/19/1974 |
| **Status:** | ACTIVE |
| **Jurisdiction:** | IOWA |
| **Entity Address:** | 1100 LOCUST ST |
| **Entity City, State, Zip:** | DES MOINES IA 50391 |
| **Agent for Service of Process:** | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE |
| **Agent Address:** | 2710 GATEWAY OAKS DR STE 150N |
| **Agent City, State, Zip:** | SACRAMENTO CA 95833 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search    New Search    Printer Friendly    Back to Search Results**

Privacy Statement | Free Document Readers
Copyright © 2014   California Secretary of State

**D**

1  Anthony L. Cannon, Esq. SBN: 162986
   Robert W. Nelms, Esq., SBN:
   Stefan O'Grady, Esq. SBN 224615
2  CANNON & NELMS, P.C.
   160 South Old Springs Road, Suite 200
3  Anaheim, California 92808
   Tel: (714) 637-4400; Fax: (714) 637-4444
4
5  Attorneys for Defendant
   AMCO INSURANCE COMPANY, INC.,
6  erroneously sued as ALLIED INSURANCE
   COMPANY
7
8
9

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

11/04/2014 at 01:46:00 PM

Clerk of the Superior Court
By Norri Lau,Deputy Clerk

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11          FOR THE COUNTY OF ORANGE – CENTRAL DISTRICT

12

13  SENECA INSURANCE COMPANY, INC.,      )   Case No:  30-2014-00740254-CU-BC-CJC
                                         )
14               Plaintiff,              )   *(Assigned for all purposes to:*
                                         )   *Judge James Di Cesare*
15          vs.                          )   *Dept. C16)*
                                         )
16  ALLIED INSURANCE COMPANY and         )   **DEFENDANT, AMCO INSURANCE**
17  DOES 1 through 100, inclusive,       )   **COMPANY, INC.'S, ERRONEOUSLY**
                                         )   **SUED AS ALLIED INSURANCE**
18               Defendants.             )   **COMPANY, ANSWER TO**
                                         )   **PLAINTIFF'S UNVERIFIED**
19                                       )   **COMPLAINT**
                                         )
20

21          NOW COMES Defendant, AMCO INSURANCE COMPANY, INC., a

22  corporation formed, organized and existing under the laws of the State of Iowa,

23  erroneously sued as ALLIED INSURANCE COMPANY, ("Answering Defendant"),

24  and answers the unverified Complaint of SENECA INSURANCE COMPANY, INC.,

25  filed on August 18, 2004, and Amended on September 10, 2014, for itself and no other,

26  and hereby admits, denies and alleges as follows:

27          1.      Under the provisions of *Code of Civil Procedure* §431.30(d), this

28  Answering Defendant denies, generally and specifically, each and every allegation of

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

1

1  Plaintiff's Complaint, and the whole thereof, and further denies that Plaintiff has been
2  injured or damaged as alleged in said Complaint in any sum or sums alleged, or in any
3  sum whatsoever, or at all.

4  ### FIRST AFFIRMATIVE DEFENSE

5  2.    This Answering Defendant alleges that the injuries and damages, if any,
6  which Plaintiff claims to have sustained as a result of events and incidents alleged
7  therein, were proximately caused and contributed to by the negligent voluntary acts of
8  Plaintiff, thus barring any recovery by Plaintiff in the within action or reducing said
9  recovery in an amount equal to the percentage of Plaintiff's own fault found to have
10 proximately caused and contributed to Plaintiff's damages, if any exist.

11 ### SECOND FFIRMATIVE DEFENSE

12 3.    Plaintiff is estopped by its own conduct from asserting the allegations set
13 forth in the Complaint.

14 ### THIRD AFFIRMATIVE

15 4.    Plaintiff's Complaint, and each cause of action contained therein, fails to
16 state any cause of action against Defendant.

17 ### FOURTH AFFIRMATIVE DEFENSE

18 5.    Plaintiff is barred from recovery by the doctrine of unclean hands.

19 ### FIFTH AFFIRMATIVE DEFENSE

20 6.    Plaintiff is barred from recovery due to its failure to name indispensable
21 parties.

22 ### SIXTH AFFIRMATIVE DEFENSE

23 7.    Plaintiff is barred from recovery due to its failure to name necessary and
24 proper parties.

25 ### SEVENTH AFFIRMATIVE DEFENSE

26 8.    Plaintiff has not sustained any damage, injury or loss as a result of any
27 act or omission on the part of this Answering Defendant.

28 / / /

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

2

**EIGHTH AFFIRMATIVE DEFENSE**

9.    Plaintiff has failed to mitigate its damages, if any exist.

**NINTH AFFIRMATIVE DEFNESE**

10.    Plaintiff's claims against this Answering Defendant are barred by all applicable statutes of limitation pursuant to California *Code of Civil Procedure* §§335, *et seq.*

**TENTH AFFIRMATIVE DEFENSE**

11.    Plaintiff's claims against this Answering Defendant are barred by the one (1) year suit limitation period set forth in this Answering Defendant's contracts of insurance issued to Group V San Bernardino and Nijar Realty, Inc.

**ELEVENTH AFFIRMATIVE DEFENSE**

12.    Any assignment to Plaintiff by Group V San Bernardino's and Nijar Realty, Inc.'s equitable and legal rights against this Answering Defendant based upon an alleged failure and/or refusal to pay policy benefits stemming from two (2) fire losses was invalid.  Group V San Bernardino's and Nijar Realty, Inc.'s policies of insurance were appropriately cancelled by this Answering Defendant pursuant to the specific terms and conditions of same.

**TWELFTH AFFIRMATIVE DEFENSE**

13.    The assignment to Plaintiff of Group V San Bernardino's and Nijar Realty, Inc.'s equitable and legal rights against this Answering Defendant for an alleged failure and/or refusal to pay policy benefits stemming from two (2) fire losses was invalid.  Group V San Bernardino and Nijar Realty, Inc., had no such rights to assign as their policies of insurance were correctly cancelled under California *Insurance Code* §§ 676.2, 677.2.

**THIRTEENTH AFFIRMATIVE DEFENSE**

14.    Plaintiff's cause of action for breach of contract is improper as Plaintiff is not, and has never been in privity of contract with this Answering Defendant.

/ / /

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

### FOURTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff is the assignee and/or subrogee of a cause of action which California law does not permit assignment/subrogation thereof.  Accordingly, Plaintiff lacks the capacity to sue, is not a real party in interest, and is not entitled to bring this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

16.     Group V San Bernardino and Nijar Realty, Inc., did not suffer losses for which this Answering Defendant is contractually liable.  Therefore, Plaintiff's cause of action for subrogation is improper.

### SIXTEENTH AFFIRMATIVE DEFENSE

17.     Group V San Bernardino and Nijar Realty, Inc., have not suffered any compensable losses and/or damages caused by any act or omission on the part of this Answering Defendant, and thus, Plaintiff's cause of action for subrogation is improper.

### SEVENTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's cause of action for subrogation is improper given the fact that Plaintiff was contractually obligated to provide benefits to Group V San Bernardino and Nijar Realty, Inc., at the time of their respective fire losses.

### EIGHTEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's cause of action for subrogation is improper based upon the "Superior Equities Doctrine."

### NINETEENTH AFFIRMATIVE DEFENSE

20.     This Answering Defendant alleges upon information and belief that the Complaint is set forth in conclusory terms.  As such, this Answering Defendant cannot fully anticipate all affirmative defenses and/or immunities which may be applicable to the action within.  Accordingly, pending the completion of discovery, the right to assert additional affirmative defenses and/or immunities, if and to the extent that such affirmative defenses and/or immunities are applicable, is hereby reserved.

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

4

**WHEREFORE,** Defendant, AMCO INSURANCE COMPANY, INC., erroneously sued as ALLIED INSURANCE COMPANY, prays for judgment as follows:

1.      That Plaintiff take nothing by way of the Complaint herein;

2.      That Defendant be dismissed from the within action with its costs of suit incurred herein;

3.      That the Court apportion the responsibility for the injuries or damages alleged in this action, if any, as between all said persons according to law;

5.      For Defendant's fees, costs and expenses incurred in the defense of this matter, including expert assistance and testimony; and

6.      Such other and further relief that the Court deems just and proper,

## DEMAND FOR THE JURY TRIAL

Defendant, AMCO INSURANCE COMPANY, INC., erroneously sued as ALLIED INSURANCE COMPANY, hereby demands a trial by jury.

Dated: November 4, 2014

CANNON & NELMS, P.C.

By: _____

Anthony L. Cannon
Robert W. Nelms
Stefan O'Grady
Attorneys for Defendants
AMCO INSURANCE COMPANY, INC,
erroneously sued as ALLIED INSURANCE
COMPANY

CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA 92808
Tel: (714) 637-4400 / Fax: (714) 637-4444

5

1

## PROOF OF SERVICE BY MAIL

2

3    STATE OF CALIFORNIA      )
                                    ) ss.
     COUNTY OF ORANGE      )

4

5         I certify and state that I am now and at all times herein mentioned was, a citizen of the United States, over the age of eighteen (18) years, a resident of the County of Orange and not a party to the within action or cause. My business address is Cannon & Nelms, P.C., 160 So. Old Springs Road, Suite 200, Anaheim, California 92808.

6

7         I hereby certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

8

9         I further certify that on November 4, 2014, I caused to be served the copies of the attached:

**DEFENDANT, AMCO INSURANCE COMPANY, INC.'S ERRONEOUSLY SUED AS**
10   **ALLIED INSURANCE COMPANY, ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

11   on the parties in said action as follows:

12

13                    **(SEE ATTACHED SERVICE LIST)**

14

15   ■   **BY REGULAR MAIL:** By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing at my place of business following ordinary business practices. Said document(s) will be deposited with the United States Post Office mail box at Anaheim, California.

16

17   ☐   **BY PERSONAL SERVICE:** I caused a true and correct copy thereof to be placed in the hand to the parties named in the Attached Service List.

18

19   ☐   **BY FACSIMILE:** I caused said document(s) to be transmitted by facsimile machine, telephone number: (626) 584-9206, pursuant to California Rules of Court, Rule 2005. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e), I caused the machine to print a record of the transmission, a copy of which will be provided upon request. Said fax transmission occurred as stated in the transmission record and was directed as stated above.

20

21

22   ☐   **BY ELECTRONIC MAIL:** On the above-mentioned date, from Anaheim, California, I caused each such document to be transmitted electronically to the party at the email-address indicated below. To the best of my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

23

24

25        I certify (or declare), under penalty of perjury under the laws of the State of California, that the above is true and correct and executed this 4th day of November, 2014.

26

27                                      Jessica L. Anderson, Declarant

28

## SERVICE LIST

Larry D. Peterson
Maxine S. Mak
PETERSON, OLIVER & POLL
1440 No. Harbor Boulevard, Suite 225
Fullerton, California  92835
714/871-3191
714/871-3193 (Facsimile)
Attorney for Plaintiff
SENECA INSURANCE COMPANY, INC.