UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SENECA INSURANCE COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED INSURANCE COMPANY,<br><br>Defendant. | Case No.: SACV 14-01788-CJC(DFMx)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND CONVERTING IN PART DEFENDANT'S MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Seneca Insurance Company, Inc. ("Seneca") brings this insurance action against Defendant AMCO Insurance Company ("AMCO"), erroneously sued as Allied Insurance Company. (Dkt. No. 1.) According to the First Amended Complaint ("FAC"), AMCO issued—and later cancelled—two insurance policies to Group V San Bernardino and Nijjar Realty, Inc. (the "Insureds") to cover two real properties in California (the

"AMCO Policies"). (Dkt. No. 19 [FAC] ¶¶ 7–8.) The FAC contends that the cancellation of the AMCO Policies did not comply with California law and was ineffective and void. (FAC ¶ 8.) Subsequent to AMCO's purported cancellation, the properties at issue suffered losses from two fires. (FAC ¶ 11.) AMCO was made aware of the fires but refused to pay, citing the purported cancellation of the AMCO Policies. (FAC ¶ 13.)

At the time the fires occurred, the Insureds also had an insurance policy with Seneca (the "Seneca Policy"). (FAC ¶ 9.) However, after the Insureds tendered their claims to Seneca for losses resulting from the fires, the Insureds admitted that they had failed to disclose material information in the course of obtaining the Seneca Policy. (FAC ¶ 12.) Accordingly, Seneca, with the agreement of the Insureds, rescinded the Seneca Policy, retroactive to its initial effective date preceding the fires. (FAC ¶ 12.) Seneca purportedly did, however, pay consideration to the Insureds for an assignment of their rights against AMCO. (FAC ¶ 14.) It is based on this assignment of rights that Seneca brings a cause of action for breach of contract against AMCO. Seneca also brings, in the alternative to its breach of contract claim, an equitable contribution claim against AMCO. Before the Court is AMCO's motion to dismiss the FAC or, in the alternative, to strike portions of the FAC. (Dkt. No. 21 ["Def.'s Mot."].)

AMCO's motion to dismiss is GRANTED IN PART.[1] Seneca's primary claim is its breach of contract claim based on the assignment of the Insureds' rights, and its secondary, alternative claim is for equitable contribution brought in Seneca's own right. Although a party may "state as many separate claims or defenses it has, regardless of consistency," Fed. R. Civ. P. 8(d)(3), courts have held that "a pleader may assert

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for August 17, 2015 at 1:30 p.m. is hereby vacated and off calendar.

contradictory statements of fact only when legitimately in doubt about the facts in question," *Alpha Inv., LLC v. Zynga, Inc.*, No. C 11-03500 JSW, 2012 WL 832447, at *5 (N.D. Cal. Mar. 12, 2012) (collecting cases). *See also Zamanyan v. Northland Grp., Inc.*, No. CV-12-01212 MWF JEMX, 2012 WL 2756644, at *1 (C.D. Cal. July 9, 2012) ("Plaintiffs may not . . . assert contradictory statements of fact unless Plaintiffs are legitimately in doubt about the facts in question."). Here, the Court finds that Seneca's second cause of action for equitable contribution is directly contradicted in the FAC by other facts that Seneca cannot say are legitimately in doubt. Specifically, the FAC contends that Seneca and the Insureds mutually agreed that the Seneca Policy was validly rescinded and made ineffective, retroactive to its date of inception. (FAC ¶ 12.) This is significant because an equitable contribution claim requires "two or more *valid* contracts of insurance covering the particular risk of loss and the particular casualty in question." *Fireman's Fund Ins. Co. v. Md. Cas. Co.*, 65 Cal. App. 4th 1279, 1293 (1998) (emphasis added); *see also id.* ("In the insurance context, the right to contribution arises when several insurers *are obligated to indemnify or defend* the same loss or claim, and one insurer has paid more than its share of the loss or defended the action without any participation by the others." (emphasis added)). In pleading that the Seneca Policy was not valid—a fact entirely within its own knowledge—Seneca contradicts the existence of a valid insurance contract and undermines its own equitable contribution claim. Because this claim is "factually inconsistent . . . it cannot withstand [AMCO's] Motion to Dismiss." *See Zamanyan*, 2012 WL 2756644, at *1. The FAC's second cause of action for equitable contribution is DISMISSED WITHOUT LEAVE TO AMEND.

With respect to the FAC's remaining cause of action for breach of contract, the Court finds that the issues raised in AMCO's motion to dismiss are more appropriately resolved on summary judgment. Namely, extrinsic evidence is required to determine whether Seneca's payment to the Insureds amounted to consideration for the assignment of rights or whether it amounted to a payment of the insurance claim. The Court thus

CONVERTS this portion of AMCO's motion to dismiss to a motion for summary judgment. AMCO shall file a supplemental memorandum, along with any additional supporting evidence, no later than **September 21, 2015**. Seneca shall have until **September 28, 2015** to file a supplemental opposition and any supporting evidence. AMCO may submit a supplemental reply no later than **October 5, 2015**. The Court sets the hearing for AMCO's converted summary judgment motion for **Monday, October 19, 2015 at 1:30 p.m.**

DATED: August 12, 2015

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE