**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SENECA INS. CO.,<br><br>        Plaintiff – Appellant<br><br>v.<br><br>ALLIED INS. CO. et al<br><br>        Defendant – Appellee | No. 16-55079<br><br>D.C. 8:14-cv-01788-CJC-DFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted June 5, 2017
Pasadena, California

Before: BEA and HURWITZ, Circuit Judges, and MOTZ,[**] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable J. Frederick Motz, Senior United States District Judge for the District of Maryland, sitting by designation.

Seneca Insurance Company ("Seneca") appeals the district court's (1) Rule 12(b)(6) dismissal of its equitable contribution claim against AMCO Insurance Company ("AMCO"); and (2) summary judgment in favor of AMCO on Seneca's remaining breach of contract claim. For the reasons stated below, we affirm.

1. An equitable contribution claim requires "two or more valid contracts of insurance covering the particular risk of loss and the particular casualty in question." *Fireman's Fund Ins. Co. v. Md. Cas. Co.*, 77 Cal. Rptr. 2d 296, 305 (Ct. App. 1998). Seneca's first amended complaint alleged that Seneca rescinded its insurance policy retroactive to a date prior to the fires. Accordingly, Seneca's equitable contribution claim is not viable because there were not two valid contracts of insurance covering the Insureds' loss at the time of the fires.

2. The district court correctly found that Seneca's breach of contract claim is barred by the applicable one-year limitations period. A one-year limitations period applies pursuant to the express terms of the AMCO Policies and California Insurance Code § 2071 because Seneca's first amended complaint alleged that the insureds, Seneca's assignors, were entitled to recover against AMCO for fire-damage property loss.

**AFFIRMED.**